# EXHIBIT A

NOTICE OF REMOVAL

**Aurora Bank, FSB v. PMAC Lending Services**
**2013-cv-107**

[Click to Print](#)

Printed on: Monday, February 25, 2013 16:24:45 MST

## Case History Search
Search Created:
Monday, February 25, 2013 16:24:45 MST

Submitted By: | Court | Plaintiff | Defendant |

| | | | | | |
|---|---|---|---|---|---|
| Court: | CO Douglas County District Court 18th JD | Judge: | Caschette, Richard B | File & ServeXpress Live Date: | 1/18/2013 |
| Division: | 3 - Division 3 | Case Number: | 2013CV107 | Document(s) Filed: | 7 |
| Case Type: | Breach of Contract | Case Name: | AURORA BANK FSB vs. PMAC LENDING SERVICES INC FDA PREFERRED | Date Range: | All |

1-4 of 4 transactions   <<Prev Page 1 of 1 Next>>

| Transaction | Date/Time | Option | Case Number / Case Name | Authorizer Organization | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|
| 49641501 | 2/20/2013 9:10 AM MST | File And Serve | 2013CV107 AURORA BANK FSB vs. PMAC LENDING SERVICES INC FDA PREFERRED | Richard B Caschette, CO Douglas County District Court 18th JD | Order | Grant (Order Granting Unopposed Motion for Enlargement of Time)<br>• Linked to (1) | 0.1MB |
| 49636587 | 2/19/2013 5:22 PM MST | File And Serve | 2013CV107 AURORA BANK FSB vs. PMAC LENDING SERVICES INC FDA PREFERRED | Tamara Seelman, Gordon & Rees-Denver | Motion | Unopposed Motion for Enlargement of Time<br>• Linked to (1) | 0.1MB |
| | | | | | Proposed Order | Order Granting Unopposed Motion for Enlargement of Time<br>• Linked to (1)<br>• Linked from (1) | 0.1MB |
| 49276316 | 2/4/2013 1:01 PM MST | File Only | 2013CV107 AURORA BANK FSB vs. PMAC LENDING SERVICES INC FDA PREFERRED | Daniel K Calisher, Foster Graham Milstein & Calisher LLP | Return of Service | RETURN OF SERVICE | 0.4MB |
| 49027908 | 1/18/2013 4:56 PM MST | File Only | 2013CV107 AURORA BANK FSB vs. PMAC LENDING SERVICES INC FDA PREFERRED | David S Canter, Foster Graham Milstein & Calisher LLP | Complaint | COMPLAINT<br>• Linked from (2) | 0.2MB |
| | | | | | Civil Case Cover Sheet | CIVIL CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT | 0.2MB |
| | | | | | Summons | SUMMONS | 0.2MB |

1-4 of 4 transactions   <<Prev Page 1 of 1 Next>>

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado  80109<br>Telephone: 303-663-7200 | **EFILED Document**<br>**CO Douglas County District Court 18th JD**<br>**Filing Date: Jan 18 2013 04:56PM MST**<br>**Filing ID: 49027908**<br>**Review Clerk: denisa bogart** |
| **Plaintiff**: AURORA BANK, FSB<br><br>v.<br><br>**Defendant**: PMAC LENDING SERVICES, INC., f/d/a PREFERRED MORTGAGE ALLIANCE CORP. | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>Daniel K. Calisher (Reg. No. 28196)<br>David S. Canter (Reg. No. 34257)<br>Foster Graham Milstein & Calisher LLP<br>360 South Garfield Street, 6th Floor<br>Denver, Colorado  80209<br>Phone:  (303) 333-9810<br>Email: calisher@fostergraham.com<br>         dcanter@fostergraham.com | Case Number:<br><br>Division: |

## COMPLAINT AND JURY DEMAND

Plaintiff Aurora Bank, FSB f/k/a Lehman Brothers Bank, FSB ("Plaintiff"), through its undersigned counsel, for its Complaint against defendant PMAC Lending Services, Inc., f/k/a Preferred Mortgage Alliance Corp. ("Defendant"), hereby states and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE.

1. Plaintiff is a federal savings bank with a business address of 10350 Park Meadows Drive, Littleton, Colorado 80124.

2. Upon information and belief, Defendant is a California corporation with a principal business address of 15325 Fairfield Ranch Road, Suite 200, Chino Hills, California 91709.

3. This Court is vested with jurisdiction over Defendant because Defendant is registered to conduct business in the State of Colorado, and Defendant conducts business within the State of Colorado.

4. Pursuant to C.R.C.P. 98(c), venue of this action is proper in Douglas County.

## II. FACTUAL ALLEGATIONS.

### A. The Subject Loans.

5. At all times relevant hereto, Defendant engaged in the sale of residential mortgage loans on the secondary market to investors such as Plaintiff.

6. Among other loans sold by Defendant to Plaintiff were the following:

   a. That certain mortgage Loan No. ****0652 to borrower Juan Barba in connection with property commonly known by street and number as 1236 North Ukiah Way, Upland, California 91786 ("Barba Loan");

   b. That certain mortgage Loan No. ****9981 to borrower Victor Cortez in connection with property commonly known by street and number as 949 North El Dorado Avenue, Ontario, California 91764 ("Cortez Loan");

   c. That certain mortgage Loan No. ****3238 to borrower Maria Garcia in connection with property commonly known by street and number as 2615 South Fern Avenue, Ontario, California 91762 ("Garcia Loan");

   d. That certain mortgage Loan No. ****2831 to borrower Oscar Paz in connection with property commonly known by street and number as 9691 Woodale Avenue, Arleta, Los Angeles, California 91331 ("Paz Loan");

   e. That certain mortgage Loan No. ****0770 to borrowers Joyce and Malik Rodgers in connection with property commonly known by street and number as 2008 Crawford Court, Fairfield, California 94533 ("Rodgers Loan");

   f. That certain mortgage Loan No. ****4063 to borrower Oliveria Torres-Mozo in connection with property commonly known by street and number as 819 Via Juanita, San Marcos, California 92078 ("Torres-Mozo Loan"); and

   g. That certain mortgage Loan No. ****2911 to borrower Edell White in connection with property commonly known by street and number as 13584 Sherman Place, Fontana, California 92336 ("White Loan").

7. Borrowers Barba, Cortez, Garcia, Paz, Rodgers, Torres-Mozoe, and White are collectively referred to herein as "Borrowers." The Barba Loan, the Cortez Loan, the Garcia Loan, the Paz Loan, the Rodgers Loan, the Torres-Mozo Loan, and the White Loan are collectively referred to herein as "Loans."

### B. The Loan Purchase Agreement and Seller's Guide.

8. The Loans were purchased by Plaintiff from Defendant pursuant to the terms and conditions of the written Loan Purchase Agreement between Plaintiff and Defendant dated on or about January 22, 2004 ("Agreement").

9. The Agreement specifically incorporated the terms and conditions of Aurora Loan Services, Inc.'s Seller's Guide ("Seller's Guide"), which sets forth additional duties and obligations of Defendant.

10. The Agreement and/or Seller's Guide constitute a valid and enforceable contract binding upon Defendant with respect to the Loans.

11. With respect to the Loans, Defendant made a number of representations, warranties, and covenants, including, but not limited to, the following:

   a. No document, report or material furnished to Plaintiff in any mortgage loan file or related to the Loans, or any of them, was falsified or contains any untrue statement of fact or omits to state a fact necessary to make the statements contained therein not misleading.

   b. The notes and the mortgages respecting the Loans, and each of them, sold to Plaintiff are genuine, and each is a legal, valid, and binding obligation.

   c. All parties to the notes and mortgages respecting the Loans, and each of them, had legal capacity to enter into the Loans and to execute and deliver the notes and mortgages, and the notes and the mortgages respecting the Loans have been duly and properly executed by such parties.

   d. The documents, instruments and agreements submitted in connection with the underwriting of the Loans were not falsified and contain no untrue statements of material fact or omit to state a material fact required to be stated therein or necessary to make the information and statements therein not misleading.

   e. No fraud was committed in connection with the origination of the Loans.

   f. Defendant has reviewed all of the documents constituting the files submitted in connection with each of the Loans and has made such inquiries as Defendant deemed necessary to make and confirm the accuracy of the representations set forth therein.

   g. The Loans, and each of them, have been originated and processed by Defendant or Defendant's correspondent in accordance with, and in conformity with, the terms of the Agreement and the Seller's Guide, and the Loans, and each of them, have been underwritten in accordance with Underwriting Guidelines in effect as of the date of the Delivery Commitment

3

applicable to the Loans, and each of them. The Loans, and each of them, comply with all the requirements of the related Program Profile applicable to the Loans, and each of them.

12. In addition, Defendant represented, warranted, and covenanted that Plaintiff purchased the Loans in reliance upon (a) the truth and accuracy of Defendant's representations and warranties set forth in the Agreement and Seller's Guide, and (b) Defendant's compliance with each of the agreements, requirements, terms, covenants, and conditions set forth in the Agreement and Seller's Guide.

13. Defendant also agreed, among other things, that in the event of a breach of any of the representations, warranties or covenants contained in the Agreement or Seller's Guide, which breach materially and adversely affects the value of the Loan(s) or the interest of Plaintiff, or materially and adversely affects the interest of Plaintiff in the Loan(s), Defendant shall repurchase the related Loan(s), with the repurchase to occur no later than thirty (30) days after Plaintiff notifies Defendant of the breach.

14. Defendant further agreed that in addition to any repurchase and cure obligations, Defendant shall indemnify Plaintiff from and hold Plaintiff harmless against all claims, losses, damages, attorney's fees, and expenses Plaintiff may sustain in any way related to or resulting from any act or failure to act or any breach of any warranty, obligation, representation or covenant contained in the Agreement or the Seller's Guide.

15. As set forth in the Agreement, Defendant agreed that the Agreement and Seller's guide shall be construed in accordance with the laws of the State of New York, and further, the obligations, rights, and remedies of Plaintiff and Defendant shall be determined in accordance with New York law.

## C. **Defendant's Material Breaches Of Its Representations, Warranties, And/Or Covenants.**

16. Plaintiff discovered one or more material defects in the Loans, and further discovered Defendant had breached one or more of its representations, warranties, and/or covenants under the Agreement and/or Seller's Guide. Such material defects and/or Defendant's breach of one or more of its representations, warranties, and/or covenants include, but need not be limited to, the following:

   a. With respect to the Barba Loan, among other things, Defendant misrepresented Borrower Barba's income.

   b. With respect to the Cortez Loan, among other things, Defendant misrepresented Borrower Cortez's mortgage payments and total debt obligations, and thus, Borrower Cortez's actual debt-to-income ("DTI") obligation mandated full documentation for the loan. Defendant's failure to provide full documentation constitutes an underwriting violation and breach of the Agreement.

c. With respect to the Garcia Loan, among other things, Defendant failed to diligently investigate whether Borrower Garcia's reasonably supported Borrower Garcia's ability to repay the mortgage debt, which constitutes an underwriting violation and breach of the Agreement. Additionally, the underwriting policy requires that transactions resulting in significant payment shock (*i.e.*, the housing payment more than doubles) be underwritten under full documentation guidelines. Borrower Garcia's housing payment increased by 1100%, yet Defendant failed to provide full documentation, which constitutes an underwriting violation and breach of the Agreement.

d. With respect to the Paz Loan, among other things, Plaintiff is informed and believes the broker was also acting as a real estate agent for both the buyer and the seller. This was a non-arms' length transaction, without exception, which is an underwriting violation and breach of the Agreement.

e. With respect to the Rodgers Loan, among other things, Defendant misrepresented one of the borrowers' employment and income. Because the Rodgers Borrowers presented inconsistent employment and earnings information, Defendant was required to obtain further documentation to verify both employment and income. Defendant's failure to obtain such documentation is a violation of Plaintiff's underwriting guidelines. Additionally, when the Rodgers Borrowers' verified income was used to calculate DTI, the DTI grossly exceeded the maximum allowable under Plaintiff's underwriting guidelines. Further, the Rodgers Borrowers' housing payment increased by 162% (*i.e.*, payment shock), yet Defendant failed to provide full documentation, which constitutes an underwriting violation and breach of the Agreement.

f. With respect to the Torres-Mozo Loan, among other things, Defendant failed to verify Borrower Torres-Mozo's assets and funds on deposit, which constitutes an underwriting violation and breach of the Agreement.

g. With respect to the White Loan, among other things, Defendant failed to provide the required documentation of six months of assets necessary for Borrower White to pay principal, interest, taxes, and insurance ("PITI"). This constitutes an underwriting violation and breach of the Agreement. Additionally, Defendant failed to exercise due diligence or otherwise confirm that Borrower White's reported income source would reasonably support Borrower White's ability to repay the mortgage debt. It was not reasonable for Defendant to assume that Borrower White's reported profession would generate income sufficient to support Borrower White's monthly obligation. Defendant's failure to exercise due diligence or otherwise confirm Borrower White's reported income source constitutes an underwriting violation and breach of the Agreement.

17. Defendant breached one or more of its representations, warranties, and/or covenants under the Agreement and/or Seller's Guide, including those identified in above.

18. On or about April 16, 2012, Plaintiff provided Defendant with written notice of Defendant's material breach of the representations, warranties, and/or covenants with respect to the Loans, and demanded that Defendant indemnify Plaintiff for Plaintiff's losses associated with the Loans.

19. Defendant has refused or otherwise failed to comply with its obligations under the Agreement and Seller's Guide regarding the Loans.

20. Plaintiff, and as applicable its predecessors and agents, have substantially performed any and all of their respective obligations under the Agreement and Seller's Guide.

21. All conditions precedent to this action on the part of Plaintiff, if any, have been satisfied, waived, are futile or have been prevented by Defendant.

### III. FIRST CLAIM FOR RELIEF.
### (Breach of Contract)

22. Plaintiff hereby incorporates by this reference the allegations set forth above as though fully set forth herein.

23. Defendant has breached the Agreement and Seller's Guide by: (a) breaching one or more of its agreements, representations, warranties, and/or covenants; (b) refusing or otherwise failing to repurchase the Loans; and/or (c) refusing to indemnify Plaintiff for losses arising from or relating to the Loans.

24. Defendant's prior and continuing breaches have resulted in substantial damages to Plaintiff in an amount to be proven at trial.

### IV. SECOND CLAIM FOR RELIEF.
### (Breach of Express Warranty)

25. Plaintiff hereby incorporates by this reference the allegations set above as though fully set forth herein.

26. Defendant made a number of express warranties with respect to material facts concerning the Loans, including but not limited to the warranties described above.

27. The warranties contained in the Agreement and Seller's Guide were an essential part of the bargain between Plaintiff and Defendant.

28. Defendant breached one or more of its warranties with respect to the Loans.

29. Plaintiff provided Defendant with written notice concerning Defendant's breach of its express warranties.

30. Defendant has refused or otherwise failed to remedy or compensate Plaintiff for Defendant's breach of its express warranties.

31. As a result of Defendant's breach of the express warranties contained in the Agreement and Seller's Guide, Plaintiff has sustained actual, consequential, and substantial damages in an amount to be proven at trial.

## V. THIRD CLAIM FOR RELIEF.
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

32. Plaintiff hereby incorporates by this reference the allegations set forth above as though fully set forth herein.

33. The Agreement and Seller's Guide contain an implied covenant of good faith and fair dealing.

34. Defendant breached the implied covenant of good faith and fair dealing by, among other things, failing to act in good faith in refusing to repurchase one or more of the Loans or, alternatively, to indemnify Plaintiff relating thereto.

35. Plaintiff has suffered actual, consequential, and substantial damages arising from or relating to Defendant's breach of the implied covenant of good faith and fair dealing, in an amount to be proven at trial.

## VI. RELIEF REQUESTED.

**WHEREFORE**, Plaintiff respectfully requests that judgment enter in its favor, and against Defendant, as follows:

(1) For all damages incurred by Plaintiff arising from or relating to Defendant's breach of contract, in an amount to be proven at trial;

(2) For all damages incurred by Plaintiff arising from or relating to Defendant's breach of express warranty, in an amount to be proven at trial;

(3) For all damages incurred by Plaintiff arising from or relating to Defendant's breach of the implied covenant of good faith and fair dealing, in an amount to be proven at trial;

(4) For recoverable interest;

(5) For the costs and expenses of suit incurred by Plaintiff herein, including recoverable attorneys' fees; and

7

(6) For such other and further relief as this Court deems just and proper.

DATED this 18th day of January, 2013.

                                               FOSTER GRAHAM
                                             MILSTEIN & CALISHER LLP

                                             */s/ David S. Canter*
                                             Daniel K. Calisher
                                             David S. Canter
                                             *ATTORNEYS FOR PLAINTIFF*

**Address of Plaintiff**:
Aurora Bank, FSB
10350 Park Meadows Drive
Littleton, Colorado 80124

*In accordance with C.R.C.P. 121 § 1-26(9), a printed copy of this document with original signature(s) is maintained by Foster Graham Milstein & Calisher, LLP and will be made available for inspection by other parties or the Court upon request.*

8

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109<br>Telephone: 303-663-7200 | **EFILED Document**<br>**CO Douglas County District Court 18th JD**<br>**Filing Date: Jan 18 2013 04:56PM MST**<br>**Filing ID: 49027908**<br>**Review Clerk: denisa bogart** |
| **Plaintiff**: AURORA BANK, FSB<br><br>**v.**<br><br>**Defendant**: PMAC LENDING SERVICES, INC., f/d/a PREFERRED MORTGAGE ALLIANCE CORP. | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Daniel K. Calisher (Reg. No. 28196)<br>David S. Canter (Reg. No. 34257)<br>Foster Graham Milstein & Calisher LLP<br>360 South Garfield Street, 6th Floor<br>Denver, Colorado 80209<br>Phone: (303) 333-9810<br>Email: calisher@fostergraham.com<br>            dcanter@fostergraham.com | Case Number:<br><br>Division: |
| **CIVIL CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

❑  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

    **X**    **Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because (check one box below identifying why 16.1 does not apply):**

- ❑ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

- **X** This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), **or**

- ❑ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3.    ❑    This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P. 38.

DATED this 18th day of January, 2013.

                              FOSTER GRAHAM
                                 MILSTEIN & CALISHER LLP

                              */s/ David S. Canter*
                              Daniel K. Calisher
                              David S. Canter
                              *ATTORNEYS FOR PLAINTIFF*

*In accordance with C.R.C.P. 121 § 1-26(9), a printed copy of this document with original signature(s) is maintained by Foster Graham Milstein & Calisher, LLP and will be made available for inspection by other parties or the Court upon request.*

2

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109<br>Telephone: 303-663-7200 | EFILED Document<br>CO Douglas County District Court 18th JD<br>Filing Date: Feb 04 2013 01:01PM MST<br>Filing ID: 49276316<br>Review Clerk: denisa bogart |
| **Plaintiff**: AURORA BANK, FSB<br><br>v.<br><br>**Defendant**: PMAC LENDING SERVICES, INC., f/d/a PREFERRED MORTGAGE ALLIANCE CORP. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br>Daniel K. Calisher (Reg. No. 28196)<br>David S. Canter (Reg. No. 34257)<br>Foster Graham Milstein & Calisher LLP<br>360 South Garfield Street, 6th Floor<br>Denver, Colorado 80209<br>Phone: (303) 333-9810<br>Email: calisher@fostergraham.com<br>        dcanter@fostergraham.com | Case Number: 2013-CV-107<br><br>Division: 3 |

### RETURN OF SERVICE

STATE OF COLORADO      )
                       ) ss.
COUNTY OF DENVER       )

_Aaron Weatherly_____, the affiant, being duly sworn, hereby says: that the affiant is over the age of eighteen (18) years; that the affiant is not a party to this action; and that affiant has duly served true and correct copies of the Summons, Complaint and Civil Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint upon PMAC LENDING SERVICES, INC., by handing the same to its Registered Agent, InCorp Services, Inc., in Adams County, at 36 S. 18th Avenue, Suite D, Brighton, Colorado 80601 on January 25th, 2013 at 1:57 p.m.

DATED this 31st day of January, 2013.

_/s/ A. Weatherly_____

Affiant

Subscribed and sworn to before me this 31st day of January, 2013, by Aaron Weatherly.

Witness my hand and official seal.
My Commission Expires: 08/15/16

_____
Notary Public

[Notary seal: JOSHUA E. FORTENBAUGH, NOTARY PUBLIC, STATE OF COLORADO]

My Commission Expires 08/15/2016

2

 **GRANTED** The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order.

*Richard B. Caschette*
**Richard B. Caschette**
**District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT

**EFILED Document**
**CO Douglas County District Court 18th JD**
**Filing Date: Feb 20 2013 09:10AM MST**
**Filing ID: 49641501**
**Review Clerk: N/A**

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY COLORADO**<br>4000 Justice Way, Suite 2009<br>Castle Rock, CO  80109<br>Telephone:  (303) 663-7200 | |
| **Plaintiff:**<br><br>AURORA BANK, FSB | ▲COURT USE ONLY▲ |
| **Defendant:**<br><br>PMAC LENDING SERVICES, INC., f/d/a PREFERRED MORTGAGE ALLIANCE CORP. | Case No. 2013-cv-107<br><br>Div. 3 |
| **ORDER GRANTING UNOPPOSED MOTION FOR ENLARGEMENT OF TIME** | |

This MATTER comes before this Court on Defendant PMAC Lending Services, Inc.'s Unopposed Motion for Enlargement of Time to answer or otherwise respond to the Complaint. Having reviewed the same, this Court finds that the motion is well-taken and is hereby GRANTED.

IT IS ORDERED that Defendant PMAC Lending Services, Inc. shall have up to and including March 5, 2013 to file an answer or other responsive pleading.

DONE this _____ day of _____, 2013.

BY THE COURT:

_____
District Court Judge